THE LAW OFFICES OF
# VINCENT J. MARTINELLI
ATTORNEY AND COUNSELOR AT LAW

*Executive Suites at The Park*
900 SOUTH AVENUE – 3rd FLOOR
STATEN ISLAND, NY 10314
TELEPHONE: (718) 667-0500
VJMLAW@si.rr.com

ADMITTED IN NEW YORK
AND NEW JERSEY

October 15, 2020

**Via ECF**

Honorable Paul A. Crotty, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

11/16/2020
Supervised Release is terminated and Pre-Trial Services is directed to return Mr. Balsamo's passport. SO ORDERED.

*/s/ Paul A. Crotty*

      **Re:  United States v. Patrick Balsamo**
           18-CR-021 (PAC)

Dear Judge Crotty:

As Your Honor is already aware, I represent Mr. Patrick Balsamo.

By and through this letter-motion, Mr. Balsamo respectfully requests that the Court issue an Order: (a) terminating the remaining term of his supervised release; and (b) directing Pre-Trial Services to return his passport.[1]

---

[1] Aside from the issue of the remaining term of supervised release, Mr. Balsamo's passport was originally surrendered as part of his conditions of pre-trial release. He has recently asked for it to be returned as the conditions of his bond have obviously been satisfied upon his surrender to serve his prison sentence. Yet, Pre-Trial Services has advised that they require a Court Order to release the passport back to him.

I.   INTRODUCTION

Defendant, Patrick Balsamo, hereby moves the Court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 2-year term of supervised release began on or about September 16, 2019, when Mr. Balsamo was released from his 6-month prison sentence from a federal prison facility in West Virginia.[2] Mr. Balsamo has already completed over one year of his supervised release, which totals more than one-half of his supervisory term. Mr. Balsamo is being supervised in the Eastern District of New York, where he lives.

Prior to filing this petition, counsel has discussed this proposed application with his assigned probation officer, USPO Vincent Danielo, who in-turn has discussed it with his supervisor - including the underlying facts of conviction - and they have authorized me to inform the Court that Probation does not oppose the termination of the remainder of his term. USPO Danielo has further indicated that Mr. Balsamo is in full compliance in all areas of supervision, including his original fine payment obligation of $1,000, which was paid prior to Mr. Balsamo's self-surrender to the West Virginia prison facility.[3] *See* ECF No. 26. Additionally, I have discussed same with the assigned government attorney for the underlying case, AUSA Jason Swergold, and he has advised that he is not in a position to object or not oppose until he reviews the herein application.

II.   APPLICABLE LAW

Title 18, section 3583(e)(l) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(l), (a)(2)(B), (a)(2)(C), (a)(2)(D),

---

[2] *See* ECF No. 23.

[3] It should be noted that part of Your Honor's sentence recommendation was that he be designated to *"FMC Devens or as an alternative, FCI Fort Dix"* in order to deal with various medical ailments which were proffered at his sentence hearing, or in the alternative, be at a facility close to his family.  Neither of Your Honor's recommendations were eventually honored by the Federal Bureau of Prisons and, instead, he was designated to a facility in West Virginia.  *See* ECF No. 23.

(a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
>
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
>
> 4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
>
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
>
> 6. no recent evidence of alcohol or drug abuse;
>
> 7. no recent psychiatric episodes;
>
> 8. no identifiable risk to the safety of any identifiable victim; and
>
> 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI). Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisee if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or victims," and if they are "free from any

moderate or high severity violations." Id., § 380.l0(g). Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

Finally, in United States v. Trotter, No. 15-cr-382 DE 543 (E.D.N.Y. July 5, 2018), Judge Jack B. Weinstein issued a lengthy decision imploring defense attorneys to make this exact application more frequently, where appropriate, and equally inviting fellow judges to lower terms, opining that supervised release terms are frequently unnecessarily too long.

III. MR. BALSAMO SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Balsamo satisfies all the factors set forth for early termination. He has completed all his terms of supervision and has no need for programming or treatment. He had no special conditions, whatsoever, and has fully complied with all of the regular conditions. Notably, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision. Additionally, at the time of sentencing Your Honor specifically excluded the provision requiring drug/alcohol testing. Probation, after analyzing the underlying facts of this original case, does not oppose this petition. Mr. Balsamo was convicted of 18 USC § 922(d)(1), *disposing of a firearm to a prohibited person*[4], for which he

---

[4] In short, Mr. Balsamo *returned* three very old, antique-type weapons that he was holding for a convicted felon who was cooperating with law enforcement at the time of the return. In other words, they were not his property to begin with, initially, and his "disposing of them to a prohibited person" was merely the *return* to the felon.

received 6-months in custody. He self-surrendered by driving with his girlfriend to West Virginia and he has served his prison time without incident. His supervision has likewise been without any incident. Mr. Balsamo has steady residence, residing at the very same apartment that he has maintained from prior to his incarceration - maintaining a lease for an empty apartment, even though the landlord would have allowed him to break the lease. He is retired as a decorated police officer of the New York City Police Department, becoming disabled on the job in 1993 and retiring with a disability pension. He also now receives social security disability. He has a stable family life. He is the father of four adult children, all of them still live with his ex-wife, Diane Balsamo, at the home he granted her in the divorce. And he still financially supports all of them in small ways, including two grandchildren that were born over the last two years. In fact, Diane Balsamo was the one of the sureties on his bond and posted the home as collateral. Terminating Mr. Balsamo's supervised release would enable him to better support his family, if not financially, than at least physically. It would also better allow him to take care for his many physical ailments: multiple knee, back and shoulder surgeries, chronic and severe arthritis from those surgeries, herniated and bulging disks in his back, Barrett's Esophagus and related thyroid conditions, and multiple polyps in his stomach.[5]

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Balsamo has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued family member and citizen. He has achieved stable community reintegration in terms of housing and family life, and he is a living modestly on his pension and disability payments. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence offense, and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

---

[5] All of which were documented in his original Sentence Memorandum. *See* ECF No. 21.

IV.   CONCLUSION

Given Mr. Balsamo's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Additionally, Mr. Balsamo asks that an Order be issued directing Pre-Trial Services to return his passport, which was originally surrendered as a condition of pre-trial release.

Thank you in advance for your time and consideration.

Respectfully,

*Vincent Martinelli*
Vincent Martinelli

VJM/meb

CC:   AUSA Jason Swergold (via ECF)